# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH C. LONGWAY d/b/a<br>LONGWAY BROADBAND SERVICES,<br><br>Plaintiff,<br><br>v.<br><br>SANBORN MAP COMPANY,<br>APPLIED GEOGRAPHICS, INC.<br>and SM BALDWIN CONSULTING,<br><br>Defendants. | Case No. 3:10-0896<br>Judge Trauger |

## MEMORANDUM AND ORDER

Pending before the court is the Motion to Dismiss for Lack of Personal Jurisdiction filed by defendant Susan M. Baldwin, d/b/a SM Baldwin Consulting (Docket No. 15), to which the plaintiff has responded (Docket No. 40) and Baldwin has filed a reply in support (Docket No. 44). For the reasons discussed herein, Baldwin's motion will be granted, and she will be dismissed from this case.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 27, 2010, the plaintiff, Joseph Longway, filed this case *pro se* in the Circuit Court for Wilson County, Tennessee.[1] (Docket No. 1 Ex. 1.) The case was removed to this court on September 24, 2010. (Docket No. 1.) The Complaint alleges that the American Recovery and

---

[1]Longway has since obtained counsel, but an Amended Complaint has not been filed. (Docket No. 25.)

1

Reinvestment Act of 2009 allocated federal funds for states to develop their broadband networks. (Docket No. 1 Ex. 1 at 2.) In response to this allocation, various states "issued public requests for proposals from firms interested in providing services as part of the states' application for a grant for federal funds." (*Id.*)

The plaintiff alleges that he and the "defendants . . . entered into a partnership specifically geared" toward assisting states with their applications for federal broadband funds. (*Id.*) Specifically, the plaintiff signed non-disclosure and "teaming agreements" with defendant Sanborn Map Company, "who acted as the prime contractor on most of the projects." (*Id.*) However, the plaintiff alleges, "the defendants . . . prematurely broke promissory estoppel agreements, teaming agreements, and non disclosure agreements." (*Id.*) Specifically, the defendants improperly "used the plaintiff's work plan [and consulting services], slandered the plaintiff, and used information [including trade secrets] without the plaintiff's consent or prompt payment" and also engaged in "uncompetitive bidding practices." (*Id.*)

Aside from a specific allegation against Sanborn Map Company, the Complaint generally alleges that there is personal jurisdiction "over the defendants" because the defendants have transacted business in Tennessee by soliciting business and working with Longway and his company, which both reside in Tennessee. (*Id.*) The Complaint also alleges that "defendants [] have engaged in a strategic partnership with a number of Tennessee based corporations." (*Id.*)

Shortly after the case was removed, all defendants moved to stay this action in light of an earlier-filed, factually similar declaratory judgment action that Sanborn Map Company had filed against the plaintiff in Colorado. (*See* Docket No. 13 Ex. B.) Defendant Baldwin also moved for the court to dismiss this case against her due to lack of personal jurisdiction. (Docket No. 15.)

The court granted the unopposed motions to stay but stated that it would proceed to rule on Baldwin's Motion to Dismiss. (Docket No. 41.)

In support of her Motion to Dismiss for lack of personal jurisdiction, Baldwin provides her affidavit. (Docket No. 16 Ex. 1.) Therein, Baldwin states that she is a Massachusetts resident who, since 2001, has "owned and operated SM Baldwin Consulting, which specializes in the fields of economics, regulation, and public policy of the telecommunications industry." (*Id.* at 1.)

Baldwin concedes that, in the summer of 2009, she provided assistance to the other defendants in this case (Sanborn Map Company and Applied Geographics, Inc.) "in the preparation of proposals to be submitted for funds made available . . . to certain states to complete mapping of their broadband infrastructure." (*Id.* at 2.) Specifically, she provided the defendants detailed information on her background and "shared information . . . about [her] involvement in . . . the states to which proposals were being sent," which did not include Tennessee. (*Id.*)

However, Baldwin maintains that she had never heard of Joseph Longway or Longway Broadband Services prior to this lawsuit and has never communicated with Longway or entered into an agreement with him or his company. (*Id.* at 1-2.) Moreover, other than visiting Tennessee in 1995 for two unrelated administrative proceedings held in conjunction with her previous employment, Baldwin claims that she has had no contact with Tennessee – that is, she does not do business in Tennessee, maintain property or assets in Tennessee, and has not visited the state "for any reason." (*Id.*)

Attached to Baldwin's affidavit is an e-mail from Longway to plaintiff's counsel, who

3

had e-mailed Longway seeking information as to why Baldwin had been sued. (*Id.* at 5.) Therein, Longway concedes that he has not met Baldwin, but, Longway maintains, Baldwin, in assisting the other defendants, "openly use[d]" the confidential and proprietary information that Longway had provided to those defendants. (*Id.*) The suggestion from the e-mail is that Baldwin had no experience with "broadband mapping or planning" but used the information Longway had provided to the other defendants, combined with her previous telecommunications and regulatory knowledge, to assist Sanborn Map Company and Applied Geographics, in contravention of the agreements that Longway had with those entities. (*Id.*)

## ANALYSIS

I.  **Motion to Dismiss For Lack of Personal Jurisdiction**

A court deciding a motion to dismiss for lack of personal jurisdiction has three options. It may (1) rule on the motion on the basis of the affidavits submitted by the parties, (2) permit discovery in aid of the motion, or (3) conduct an evidentiary hearing on the merits of the motion. *See Dean v. Motel 6 Operating LP*, 134 F.3d 1269, 1272 (6th Cir. 1998). It is in the court's discretion, based upon the circumstances of the case, which path to choose. *Id.* In any proceeding, however, the party asserting jurisdiction has the burden of proof. *See Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). Additionally, and particularly pertinent here, in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

Where, as here, an affidavit and evidence has been submitted and a decision requested on that basis, it is entirely appropriate for the court to decide the jurisdictional issue based on the

evidence presented. *Id*. When a court rules on a motion to dismiss for lack of personal jurisdiction based upon the affidavits, the party asserting jurisdiction need only make a *prima facie* showing of jurisdiction to defeat the motion. *Id.* In examining whether the party asserting jurisdiction has made this *prima facie* showing, the court is to construe the facts presented in the light most favorable to that party, and the court does not weigh or consider the conflicting facts presented by the other side. *Bird*, 289 F.3d at 871; *see also Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008)(referring to the plaintiff's burden in this context as "relatively slight").

      The issue of whether this court may exercise personal jurisdiction over Baldwin depends on the specific limitations of Tennessee's long-arm statute and the constitutional principles of due process. *Bridgeport Music, Inc. v. Still N The Water Publishing*, 327 F.3d 472, 477 (6th Cir. 2003). Tennessee's long-arm statute has been consistently construed to extend to the limits of federal due process, and, therefore, the two inquiries are merged, and the court need only determine whether exercising personal jurisdiction over Baldwin here is consistent with federal due process requirements. *Id.*

      In order for due process to permit the exercise of personal jurisdiction over a non-resident defendant, such as Baldwin, that defendant must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Youn v. Track, Inc.*, 324 F.3d 409, 417-18 (6th Cir. 2003)(quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Supreme Court has identified "general" jurisdiction and "specific" jurisdiction as distinct bases for personal jurisdiction – a demonstration of the contacts necessary for either basis is sufficient to establish personal

jurisdiction. *Id.*

Specific jurisdiction exists when a state exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum. *Id.* General jurisdiction, on the other hand, exists when a defendant's contacts with the forum are "substantial" and "continuous and systematic." *Id.* When personal jurisdiction is based on general jurisdiction, a state may exercise jurisdiction over a defendant, even if the suit does not arise out of the defendant's contacts with the state. *Id.* While the plaintiff's briefing is imprecise, it appears that the plaintiff only seeks to establish specific personal jurisdiction here, and, given Baldwin's extremely limited direct contact with Tennessee, a general jurisdiction argument would not be viable. (Docket No. 40 at 3; *see Harris v. Lloyd's TSB Bank*, 281 Fed. Appx. 489, 493-94 (6th Cir. 2008)(eight sporadic visits to a state in a five-year period insufficient to establish general personal jurisdiction).

In *Southern Machine Co. v. Mohasco Industries, Inc.*, the Sixth Circuit established a three-part test for determining whether the exercise of specific jurisdiction was consistent with the principles of due process. "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." 401 F.2d 374, 381 (6th Cir. 1968). While a motion to dismiss for lack of specific personal jurisdiction may be maintained based on prongs two and three of the *Mohasco* test, purposeful availment is the *sine qua non*, or absolutely indispensable, element of personal jurisdiction, and, therefore, disputes

6

about whether or not there is specific personal jurisdiction in a given case often rise or fall on the issue of purposeful availment. *See Air Products and Controls, Inc. v. Safetech International, Inc.*, 503 F.3d 544, 550-51 (6th Cir. 2007).

### A. Purposeful Availment

Before a defendant may be sued in a forum, the defendant must "purposefully avail" itself of the "privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)(internal citation and quotation omitted). This "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id.*

Purposeful availment is "something akin to a deliberate undertaking," that is, a deliberate effort by the defendant to direct its activities toward, and to make contact with, the forum. *Bridgeport Music*, 327 F.3d at 478 (internal quotation omitted). Purposeful availment exists "when the defendant's contacts with the forum state proximately result from actions by the defendant *himself* that create a substantial connection with the forum state, and when the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." *Id.* (internal quotation omitted).

Baldwin argues that the plaintiff has only offered "vague, conclusory allegations against 'all Defendants,'" without providing any specific link between Baldwin and Tennessee, let alone any indication that Baldwin purposefully availed herself of the privilege of doing business there. (Docket No. 16 at 2.) Additionally, there is no evidence to contradict Baldwin's affidavit statement that she had never communicated with Longway, let alone entered into any agreements

7

with him or his company. (*Id.*)

Baldwin points to the *Intera Corp. v. Henderson*, 428 F.3d 605 (6th Cir. 2005) case. There, the plaintiff claimed that two non-resident individual defendants (who were senior corporate officers) had purposefully availed themselves of doing business in Tennessee because a division of their company had entered into a license agreement with the plaintiff; the license agreement had a forum selection clause designating Tennessee as the forum for any disputes arising under the agreement. *Id.* at 609. The court found that, because the individual defendants were not parties to the agreement and because mere "knowledge of the choice-of-law provision" did not demonstrate that the individual defendants had "deliberately affiliated themselves with Tennessee," purposeful availment was not shown. *Id.* at 617.

Here, Baldwin points out, she was also not a party to any agreement at issue and, similar to *Intera*, even if she knew that other entities with whom she worked had ties to Tennessee (something the plaintiff has not shown), that is insufficient to demonstrate purposeful availment, given that Baldwin did nothing to purposefully direct her efforts toward Tennessee. (Docket No. 16 at 8-9.)

The plaintiff's response is brief and unpersuasive. Rather than attempting to demonstrate specific jurisdiction under the *Mohasco* test (or refute Baldwin's affidavit), Longway merely restates two, related allegations from the Complaint: (1) that "Defendant worked with Sanborn and Applied Geographics on proposals submitted to various states . . . some of those proposals included the work of Plaintiff," who was located in Tennessee and (2) "that Plaintiff contracted with Sanborn to perform [broadband mapping proposal] work . . . the contracts . . . were executed in [] Tennessee . . . work done by plaintiff was performed in [] Tennessee. Those same proposals

included the work of and/or collaboration with Defendant." (Docket No. 40 at 2-4.)

The plaintiff has plainly failed to demonstrate purposeful availment. He has merely alleged (with no supporting evidence) that Baldwin, who has no other ties to Tennessee, worked with defendants, who, in turn, worked with a plaintiff who resides and works in Tennessee. Consistent with the Sixth Circuit's finding in *Intera*, this is a classic "random, fortuitous, or attenuated contact," insufficient to demonstrate purposeful availment. There is simply nothing in the record to indicate that Baldwin made any effort to "reach out" to Tennessee; nothing suggests that Baldwin engaged in a "deliberate undertaking" and made a "substantial connection" to Tennessee. Therefore, purposeful availment has not been shown.

As the plaintiff has not established the purposeful availment required to make out a *prima facie* case of personal jurisdiction[2], the Motion to Dismiss for Lack of Personal Jurisdiction filed by defendant Susan M. Baldwin, d/b/a SM Baldwin Consulting (Docket No. 15) is **GRANTED** and Baldwin is hereby **DISMISSED** from this case.

---

[2]The plaintiff also would not satisfy the other two elements of the *prima facie* test. This case does not "arise from" Baldwin's isolated visits to Tennessee in 1995, and, consistent with the discussion above, it would not be "reasonable" for Baldwin to have to defend herself in this forum where she has no contacts and engaged in no conduct related to this controversy. *See Intera*, 428 F.3d 617-619 (finding that the officer defendants had no relevant contact with the plaintiff in Tennessee and that it would not be reasonable, given the officer defendants' lack of contact with Tennessee, for a Tennessee court to exercise personal jurisdiction over those defendants). Dismissal of a defendant on personal jurisdiction grounds is without prejudice to re-file in another forum. *Id.* at 620.

It is so ordered.

Enter this 31st day of January 2011.

ALETA A. TRAUGER
United States District Judge