IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH C. LONGWAY d/b/a LONGWAY BROADWAY SERVICES, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) ) | CASE NO. 3:10-cv-00896 JUDGE TRAUGER / KNOWLES |
| APPLIED GEOGRAPHICS, INC., et al, | ) ) ) | |
| Defendants. | ) | |

## ORDER

### I. Introduction and Background

This matter is before the Court upon the pro se Plaintiff's "Motion to Disqualify [Defendant's] Attorney."[1] Docket No. 75-1. Defendant Applied Geographics has filed a "Response in Opposition to Motion to Disqualify." Docket No. 82.

For the reasons set forth below, Plaintiff's Motion to Disqualify Attorney is DENIED.

### II. Facts

Plaintiff filed his Complaint against Sanborn Map Company, Inc. (hereinafter "Sanborn"), SM Baldwin Consulting (hereinafter "SMBC"), and Applied Geographics Inc. (hereinafter "AppGeo") in Wilson County Circuit Court on January 12, 2010. Docket No. 1. On

---

[1] Plaintiff was acting pro se when he filed his Complaint in this action. Docket No. 1-1. He subsequently retained counsel. Docket Nos. 28, 29. Plaintiff's counsel, however, were later permitted to withdraw. Docket No. 48. Since approximately April 26, 2011, Plaintiff has been proceeding pro se.

1

September 24, 2010, Defendant AppGeo, with the consent of the other Defendants, removed the action to this Court pursuant to 28 U.S.C. § 1332. *Id.*

On May 13, 2010, Sanborn filed a separate action against Joseph C. Longway and Longway Broadband Services in the District Court for El Paso County, Colorado, seeking declaratory relief to determine the rights, obligations, and liabilities of Sanborn in connection with proposals Defendant submitted to sixteen states, excluding the State of Washington ("the Colorado Lawsuit"). Docket No. 13, Ex. B. Plaintiff subsequently filed an Answer and Counterclaims against Sanborn in the Colorado Lawsuit. Docket No. 13, Ex. C. This Court entered an Order granting Defendants' Motions to Stay pending resolution of the parallel Colorado Lawsuit. Docket No. 41.

A trial was held in the Colorado Lawsuit on March 29-31, 2011, and on April 8, 2011, the District Court for El Paso County entered an Order and Judgment in favor of Sanborn on each of Longway's counterclaims and on Sanborn's request for declaratory judgment. Docket No. 81. Following Longway's appeal, the Colorado Court of Appeals affirmed its ruling on January 3, 2013 (Docket No. 57, Ex. A.), and entered a mandate on February 28, 2013 (Docket No. 57, Ex. B).

Soon after the Colorado Court of Appeals' ruling, this Court entered an Order lifting the stay on this case with regard to everything except discovery. Docket No. 70. This Court also granted Plaintiff's Motion for Leave to Amend Complaint. Docket No. 69. On April 26, 2013, Plaintiff filed his Amended Complaint, naming Applied Geographics, Inc., as the sole remaining

Defendant.² Docket No. 74. In his Amended Complaint, Plaintiff avers that Defendant AppGeo: (1) breached their contract; (2) was alternatively unjustly enriched by Plaintiff's performance of valuable and necessary consulting services if there was no enforceable contract; (3) violated the Tennessee Uniform Trade Secrets Act ("the TUTSA"); and (4) violated the Tennessee Consumer Protection Act ("the TCPA"). *Id.*, *referencing* Tenn. Code Ann. §§ 47-25-17, 47-18. Plaintiff seeks a combination of declaratory, compensatory, and injunctive relief. Docket No. 74.

Plaintiff was represented by Heather M. Gwinn Pabon, Gregg I. Anderson, and Lawrence L. Lee of Gordon & Rees, LLP, as well as by local counsel John M. Scannapieco of Bradley, Arant, Boult, Cummings, LLP (hereinafter "BABC"). *See* Docket No. 48. On or about March 7, 2011, Gregg I. Anderson, lead counsel in this matter, disassociated from Gordon & Rees LLP and began his association with the law firm of Merchant & Gould, PC. *Id.* Plaintiff consented to the transfer of this case from Gordon & Rees, LLP, to Merchant & Gould, LLP, effective March 8, 2011. *Id.* On April 15, 2011, Ms. Gwinn Pabon, Mr. Lee, Mr. Scannapio, and Mr. Anderson filed a Motion for Leave to Withdraw as Counsel (Docket No. 48), which was granted by this Court on April 26, 2011 (Docket Nos. 49-51). Plaintiff has continued *pro se*.

Defendant's counsel in the case at bar is E. Todd Presnell. Docket No. 83. Mr. Presnell was retained by Defendant while working at the law firm of Miller & Martin, PLLC. *Id.* While this case was stayed, Mr. Presnell joined the law firm of BABC on June 1, 2012. *Id.* Defendant's counsel Mr. Presnell and Plaintiff's former counsel Mr. Scannapieco were partners

---

² This Court granted Defendant SM Baldwin Consulting's Motion to Dismiss for Lack of Personal Jurisdiction on February 1, 2011. Docket No. 45. Defendant Sanborn was dismissed without prejudice when it was omitted from Plaintiff's Amended Complaint. Docket No. 74.

at BABC from approximately June 1, 2012 through September 30, 2012, when Mr. Scannapieco disassociated from BABC. *Id.*

In the instant Motion to Disqualify Attorney, Plaintiff avers that Defendant's attorney, Mr. Presnell, and his law firm, BABC, should be disqualified from further representation of Defendant because there is a conflict of interest. Docket No. 75-1. Specifically, Plaintiff argues that because his former attorney and Defendant's current attorney were both employed by BABC from June through September 2012, Mr. Presnell and BABC should not be permitted to represent Defendant in this action. *Id.* Plaintiff further avers that he disclosed confidential documents and discussed litigation strategies with several partners at BABC. *Id.* Accordingly, Plaintiff seeks the disclosure of any electronic or written communications between Mr. Scannapieco and Mr. Presnell regarding Plaintiff, as well as a preliminary and permanent injunction enjoining BABC and Mr. Presnell "from contacting the Defendant, Sanborn representation, and Susan Baldwin representation and those in active concert with it from using, disclosing, misappropriating, or converting in any form any of Longway's confidential, proprietary, and trade secret information." *Id.* at 3. Additionally, Plaintiff seeks compensatory damages in an amount to be determined by the Court for conflict of interest, and such other and further relief to which he may be entitled. *Id.*

Defendant filed a Response and supporting Declarations on May 24, 2013, arguing that there is no impropriety in accordance with Rule 1.10 of the Tennessee Rules of Professional Conduct. Docket Nos. 82-84. Defendant concedes that Mr. Scannapieco and Mr. Presnell's tenure at BABC overlapped for the time period of June 1, 2012 through September 30, 2012, but Defendant maintains that these lawyers never discussed the instant case or shared any

4

information about the case.  Docket No. 82, *citing* Scannapieco Decl., ¶ 6; Presnell Decl., ¶ 4. Defendant further contends that Mr. Scannapieco does not constitute a "lawyer remaining in the firm [who] has information protected by RPCs 1.6 and 1.9(c) that is material to the matter." Docket No. 82, *quoting* Tenn. R. Prof. Cond. 1.10(b).  Defendant argues that Mr. Scannapieco did not speak to Plaintiff, never received any of Plaintiff's confidential information, and never signed any motions during his local counsel appearance.  Docket No. 82, *citing* Scannapieco Decl., ¶ 5.  Defendant further maintains that Mr. Scannapieco was local counsel of record only for a five-month period, and that BABC never entered into a formal engagement agreement with Plaintiff.  Docket No. 82, *citing* Presnell Decl., ¶ 5.  Additionally, Defendant argues that no other lawyer at BABC maintains any confidential information pertaining to Plaintiff or the Longway/ Applied Geographics matter.  *Id.*, *citing* Scannapieco Decl., ¶ 7; Presnell Decl., ¶ 5.

### III.  Analysis

In reviewing disqualification motions, courts "must be sensitive to the competing policy interests of preserving client confidences and of permitting a party to retain counsel of his choice."  *Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222, 224 (6th Cir. 1988).  The party seeking disqualification has the burden of proving that opposing counsel should be disqualified.  *Tennessee Bank & Trust v. Lowery*, No. 3:11-cv-0984, 2012 WL 4949968 (M.D. Tenn. Oct. 11, 2012).  This burden is met only when the party seeking disqualification demonstrates that "there is 'a reasonable possibility that some specifically identifiable impropriety' actually occurred."  *Moses v. Sterling Commerce (America), Inc.*, 122 Fed. Appx. 177, 183-84 (6th Cir. 2005), *quoting Kitchen v. Aristech Chem.*, 769 F. Supp. 254, 257 (S.D. Ohio 1991).

5

A district court's "authority to disqualify attorneys for unethical behavior is derived from two sources: (1) the local rules of the court in which they appear; and, (2) federal law." *Calaway ex rel. Calaway v. Schucker*, No. 2:02-cv-02715-STA-CGC, 2013 WL 960641 (W.D. Tenn. Mar. 12, 2013). Pursuant to Local Rule 83.01(e)(4), "[t]he standard of professional conduct of the members of the bar of this Court shall include the current *Tennessee Code of Professional Responsibility, Tenn. Sup. Ct. R. 8*." Rule 1.10 of the Rules of Professional Conduct provides that:

> When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm, unless:
>
> (1) the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and
>
> (2) any lawyer remaining in the firm has information protected by RPCs 1.6 and 1.9(c) that is material to the matter.

Tenn. R. Prof. Cond. 1.10(b).

In the case at bar, the issue is whether the four month period during which Plaintiff's former counsel and Defendant's present counsel were both employed at BABC constitutes grounds for disqualification. Pursuant to Rule 1.10 of the Tennessee Rules of Professional Conduct, disqualification is limited to situations where an attorney remaining in the firm has confidential information regarding a material matter. Tenn R. Prof. Cond. 1.10(b). Plaintiff's former counsel, Mr. Scannapieco of BABC, served as local counsel of record only for a five month period. Docket No. 82. During this time, Mr. Scannapieco never spoke to Plaintiff and never received any of Plaintiff's confidential information. Scannapieco Decl., ¶ 5. Mr.

6

Scannapieco did not sign any motions during this time period. *Id.* It appears that Mr. Scannapieco's role as local counsel was very limited and that Gordon & Rees handled the litigation strategy and all contact with Plaintiff. *Id.* Additionally, Mr. Scannapieco never discussed this case with Mr. Presnell or shared any information with him. Scannapieco Decl., ¶ 6; Presnell Decl., ¶ 4. In fact, no attorney remaining at BABC has information protected by Rules 1.6 and 1.9(c) of the Tennessee Rules of Professional Conduct. Scannapieco Decl., ¶ 7; Presnell Decl., ¶ 5. As these facts demonstrate, Plaintiff has failed to prove that any attorney remaining with BABC has confidential and material information. Accordingly, Plaintiff has not met his burden of proving that Defendant's counsel should be disqualified.

## IV. Conclusion

For the reasons discussed above, Plaintiff's Motion to Disqualify Attorney is DENIED. IT IS SO ORDERED.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

7