IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH C. LONGWAY, d/b/a<br>LONGWAY BROADBAND SERVICES,<br><br>Plaintiff,<br><br>vs.<br><br>APPLIED GEOGRAPHICS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 3:10-0896<br>JUDGE TRAUGER/KNOWLES |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a document headed "The Sanborn Map Company, Inc.'s Motion to Dismiss." Docket No. 80. Sanborn has filed a supporting Memorandum (Docket No. 81), Plaintiff has filed a Response (Docket No. 86), and Sanborn has filed a Reply (Docket No. 87). As will be discussed in greater detail below, however, *Sanborn is not a party to the instant action,* and it is unnecessary to discuss the merits of the Motion in detail.

Plaintiff, who was acting pro se at the time, initially filed suit against Sanborn, Applied Geographics, Inc. and SM Baldwin Consulting, in the Circuit Court for Wilson County, Tennessee. Docket No. 1-1. Applied Geographics, with the agreement of Sanborn and SM, removed the action to this Court. Docket No. 1. Defendant SM was later dismissed for lack of personal jurisdiction. Docket No. 45. Plaintiff subsequently retained counsel (Docket Nos. 19, 25, 28), but Plaintiff's counsel subsequently withdrew (Docket Nos. 46, 48, 49, 50, 51), and Plaintiff has again been proceeding pro se. Docket No. 57, p. 2.

On March 26, 2013, Plaintiff filed a "Motion for Leave to Amend Complaint." Docket

No. 69. Plaintiff specifically noted that a purpose of his Amended Complaint was "to remove Defendant [Sanborn] as a defendant . . . ." Docket No. 69, p. 2. In fact, Plaintiff specifically stated, "The plaintiff desires to remove Sanborn as a defendant rather than contest Sanborn's imminent motion to dismiss." *Id*. Judge Trauger granted that Motion (Docket No. 70), and Plaintiff's "First Amended Complaint" was filed. Docket No. 74. Plaintiff's "First Amended Complaint" did not name Sanborn as a Defendant. The only Defendant named in the First Amended Complaint is Applied Geographics, Inc.

It is well-settled that the filing of an Amended Complaint supercedes previous complaints filed by a plaintiff. *ConnectU LLC v. Zuckenberg,* 522 F.3d 82, 91 (1st Cir. 2008); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co*., 896 F.2d 1542, 1546 (9th Cir. 1990). Because Plaintiff did not sue Sanborn in his First Amended Complaint, Sanborn is no longer a party to this action. Therefore, it cannot be dismissed from this action.

The instant Motion states that it is filed "pursuant to Rule 41(a)(1)(B) on the grounds of *res judicata* and collateral estoppel." Docket No. 80, p. 1. That Rule provides as follows:

> (a) Voluntary Dismissal.
>
>> (1) *By the Plaintiff*.
>>
>>> (B) *Effect*. Unless the notice of stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Sanborn states in part:

> The Amended Complaint no longer includes Sanborn as a named

> defendant, thereby dismissing Sanborn without prejudice. Although Sanborn has been dismissed without prejudice, the factual allegations of the Amended Complaint refer to Sanborn and are similar to the original complaint. Sanborn respectfully files this motion to dismiss Plaintiff's Amended Complaint <u>with</u> prejudice."

Docket No. 81, p. 1.

Sanborn essentially argues that Plaintiff's Amended Complaint was a "Notice of Dismissal" under Rule 41(a)(1)(B), and that that Notice of Dismissal operates as an adjudication on the merits because Plaintiff previously dismissed a state court lawsuit in Colorado based on or including the same claim. Sanborn further argues that the Colorado action was an "'adjudication on the merits,' which in turn warrants the dismissal *with* prejudice of the same or similar claims asserted by him in [the instant] federal court lawsuit on *res judicata* grounds under Rule 41(a)(1)(B)." Docket No. 81, p. 3.

The problem with this argument, however, is that there are no pending claims asserted by Plaintiff against Sanborn "in this federal lawsuit." Because no such claims exist, they cannot be dismissed or barred by *res judicata*.

Sanborn essentially seeks an advisory opinion from the Court that, if Plaintiff files future claims against Sanborn based on or including the same or similar claims, those future claims will be barred by the doctrine of *res judicata*. The federal courts, however, cannot give advisory opinions. *Flast v. Cohen,* 292 U.S. 83, 96 n.14 (1968).

For the foregoing reasons, the instant Motion to Dismiss should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have

3

fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge