IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH C. LONGWAY, d/b/a Longway Broadband Services, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 3:10-0896 |
| | ) | Judge Trauger |
| SANBORN MAP COMPANY and APPLIED GEOGRAPHICS, INC., | ) ) ) | Magistrate Judge Knowles |
| Defendants. | ) | |

**MEMORANDUM and ORDER**

On August 12, 2013, the Magistrate Judge issued an Order (Docket No. 88) denying the plaintiff's Motion to Disqualify Attorney (Docket No. 75). The *pro se* plaintiff has filed a Motion For Review of this Order (Docket No. 89), to which defendant Applied Geographics, Inc. ("Applied") has responded (Docket No. 93).

This ruling by the Magistrate Judge relates to a non-dispositive motion. This court may only modify or set aside the Magistrate Judge's ruling if it is found to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Rule 72(a), FED. R. CIV. P. The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the standard is met when, despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 33 U.S. 364, 395 (1948).

1

The plaintiff first objects that he was not given an opportunity for discovery to support his motion and that he was not granted a hearing before the Magistrate Judge. The court finds these objections without merit, in that the plaintiff never requested discovery or a hearing in connection with his motion.

The plaintiff next objects to the fact that the Magistrate Judge never addressed his allegation that he consulted with Bob Patterson, Sam Lipshie and another lawyer at Bradley, Arant, Boult & Cummings, LLC ("BABC") in April of 2010 and transmitted confidential information to them. It is true that the Magistrate Judge did not address this allegation, which was included in the original Motion to Disqualify (Docket No. 75 at 2), and it was error for the Magistrate Judge to omit analysis of this claim from his ruling. The court will address this claim in the context of the filings now before the court.

Defendant Applied has filed the Declaration of Robert S. Patterson, who states that he has no memory of ever having spoken to Mr. Longway, has no documents or information pertaining to him, never formed an attorney-client relationship with him and has "checked the resources available to me and find no documentation that I or anyone else at BABC entered into an engagement agreement with Mr. Longway in April 2010 or any other time." (Docket No. 93-1) A new document furnished by the plaintiff, in response to the court's giving him the opportunity to file additional materials (Docket No. 96), reinforces this assertion by Mr. Patterson. The plaintiff has furnished his hand-written notes, apparently recording his contacts with several major law firms in Nashville in April 2010, when he was attempting to hire counsel. He appears to have inquired as to whether each firm would take the case on a contingency basis and notes whether he has made appointments with members of each firm, or simply left

messages. It appears as though some firms referred him on to other lawyers. The notations with reference to Boult Cummings Conners & Berry (the predecessor to BABC) states: "Sam Lipshie or Robert Patterson, no contingency" and an apparent referral on to John Griffin and Ross Pepper. Notably, the notations as to the King & Ballow law firm reflect an appointment made and "left paper work & wants me to pay cost only." (Docket No. 98-12) This is the only notation on this whole page of hand-written notes that shows the transmittal of documents of any sort to law firms with which the plaintiff was consulting. No such notation appears next to any other law firm and certainly not next to the Boult law firm. These notations belie the plaintiff's assertion that he met with Sam Lipshie or Bob Patterson or another lawyer with the firm and furnished documents to them.

Although it was error for the Magistrate Judge to have failed to analyze this claim by the plaintiff, the court has analyzed the claim herein and finds no support for the fact that the plaintiff transmitted confidential information in April of 2010 to any lawyer at the Boult Cummings or BABC law firm.

The plaintiff further reargues his assertion that his Colorado counsel furnished confidential information about his claims to John Scannapieco during the short time that Mr. Scannapieco was serving as local counsel in this lawsuit. The plaintiff claims that he failed to furnish documentation supporting this assertion in his original Motion to Disqualify because it needed to be filed under seal or produced at a hearing, rather than being filed in the public record. He also claims in his Motion For Review that he has new evidence on this claim that was not available to him when he filed his Motion For Review. Upon the court's ordering him to produce this new evidence, along with a declaration detailing how and when he came into

3

possession of this evidence, the plaintiff filed a Declaration on October 15, 2013 that had attached to it numerous e-mails between and among himself, his various Colorado counsel, and the BABC law firm. This e-mail correspondence does not support the plaintiff's claims that "at least four current and one former BABC employee reviewed, discussed, and received confidential information from Plaintiff's former counsel, Gordon & Rees." (Docket No. 89 at 2) The only information that appears to be new in these documents is the request by the Colorado lawyers, in February 2011 (while this case was stayed) that Mr. Scannapieco appear as local counsel in a related Wilson County, Tennessee Circuit Court case in order to oppose a motion to continue the trial in that case. (Docket No. 98-5) Even that appearance, if it occurred, did not involve the transmittal of any confidential information to Mr. Scannapieco. The request stated, in part: "We would, however, greatly appreciate you sending someone, keeping the client's small budget in mind, who can stand up, say we oppose, and direct the court to our written response that has already been filed." (Docket No. 98-5) In addition, although the plaintiff maintains that he paid a retainer to BABC, neither he, his Colorado counsel, nor BABC has been able to find a record of any such retainer.

The Magistrate Judge's analysis of this claim was detailed, accurate and appropriate, and this court adopts it by reference as if set forth verbatim herein. Mr. Scannapieco was local counsel for the plaintiff in this case from November 15, 2010 until April 26, 2011, and the case was stayed from January 18, 2011 until March 2013. During Mr. Scannapieco's brief appearance as local counsel, several filings were made on behalf of the plaintiff, but Mr. Scannapieco did not sign onto any of those documents. The plaintiff has been given an abundant opportunity to produce evidence supporting his claim that his Colorado counsel furnished

4

substantive, privileged information about his case to Mr. Scannapieco while he was serving as local counsel in order to disqualify counsel for Applied Geographics, E. Todd Presnell.[1] He has failed to produce that evidence, and the court finds the Magistrate Judge's ruling on this point sound and not clearly erroneous.

For the reasons discussed herein, the court finds the plaintiff's Motion For Review (Docket No. 89) without merit. It is hereby **ORDERED** that the plaintiff's Motion to Disqualify Attorney (Docket No. 75) is **DENIED**.

It is so **ORDERED**.

ENTER this 7th day of November 2013.

                                            ALETA A. TRAUGER
                                            U.S. District Judge

---

[1] Mr. Presnell joined the BABC law firm on June 1, 2012 and overlapped with Mr. Scannapieco's membership in that firm for four months, until September 30, 2012, when Mr. Scannapieco left BABC to join another firm. Mr. Presnell has filed a Declaration that states, in part: "I never discussed the Longway/Applied Geographics matter with Mr. Scannapieco; nor did Mr. Scannapieco or anyone else share any information with me regarding Mr. Longway or his claims." (Docket No. 83 at 1)