UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH C. LONGWAY, d/b/a ) | |
| LONGWAY BROADBAND SERVICES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:10-CV-00896 |
| ) | Judge Aleta A. Trauger |
| THE SANBORN MAP COMPANY and ) | |
| APPLIED GEOGRAPHICS, INC., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

On September 29, 2014, the Magistrate Judge issued a Report and Recommendation ("R&R") (Docket No. 121), which recommends that the Motion to Dismiss (Docket No. 103) filed by Defendant Applied Geographics, Inc. ("App Geo") be granted and that this action be dismissed with prejudice. Plaintiff Joseph C. Longway d/b/a Longway Broadband Services ("Longway") has filed an Objection (Docket No. 122), to which App Geo has filed a Response (Docket No. 123). For the following reasons, the court will overrule the Objection, accept and adopt the R&R, and grant the Motion to Dismiss.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of further review. *See Miller v.*

1

*Currie*, 50 F.3d 373, 380 (6th Cir. 1995). However, issues are not waived if the magistrate judge fails to warn the party of the potential waiver. *See Mattox v. City of Forest Park*, 183 F.3d 515, 519-20 (6th Cir. 1999).

A federal court sitting in diversity applies state law. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006). A federal court should analyze a res judicata claim preclusion defense based on a prior state-court judgment by applying the law of the state that entered the preclusive judgment. *Lawlor v. SunTrust Mortg., Inc.*, No. 3:13-cv-00387, 2013 WL 4431319, at *4 (M.D. Tenn. Aug. 15, 2013) (quotation omitted); *Abbott v. State of Michigan*, 434 F.3d. 324, 330 (6th Cir. 2007); *Ingram v. City of Columbus*, 185 F.3d 579, 593 (6th Cir. 1999). In this case, the relevant state law is that of Colorado.

## I.     Facts and Procedural Background

The thorough R&R sets forth the facts and procedural history of this matter in detail, and the court incorporates those sections of it by reference. The court sets forth herein only the facts and procedural history specifically relevant to the Objection – namely, (1) the underlying facts concerning the relationships between Longway, Sanborn, and App Geo, and (2) the history of parallel litigation between Longway and Sanborn. Both are straightforward.

Sanborn submitted bids to receive government contracts for broadband mapping services in several states. When preparing bids for three specific states, Sanborn entered into negotiations with Longway about a possible collaboration, in the event Sanborn was awarded contracts by those states. As part of those negotiations, Sanborn and Longway entered into a confidentiality agreement. Sanborn was not awarded contracts by those three states, nor did it receive subcontract work from the winning bidders in those states. Sanborn therefore did not enter into

2

any services agreement with Longway.

Sanborn subsequently submitted bids in response to various requests for proposals from approximately seventeen other states. App Geo participated in some of those bids but had no independent dealings or agreements with Longway. In the end, Sanborn received contracts from two states. Sanborn was also hired by other successful bidders to do work in three other states as a subcontractor.

Sanborn thereafter filed a declaratory judgment action in Colorado, seeking adjudication of its rights relative to Longway with respect to bids in various states. Longway brought counterclaims against Sanborn for violation of the Colorado Consumer Protection Act, breach of contract, non-consensual production of proprietary material and trade secret violations, and "Promissory Estoppel agreement and Quasi-contract."

While the Colorado action was pending, Longway filed the instant action in Wilson County, Tennessee against Sanborn, App Geo, and SM Baldwin Consulting ("SMB"). (Docket No. 1-1.) The Complaint contains claims for violation of the Tennessee Consumer Protection Act,[1] breach of contract, violation of the Tennessee Uniform Trade Secrets Act, and unjust enrichment. The defendants removed the case to this court and filed Motions to Stay, or alternatively, to Dismiss (Docket Nos. 12, 14, 17), based on the prior-filed case pending in state court in Colorado. Longway did not oppose the motions; the court granted them and stayed this action. (Docket No. 41.) Notably, in consenting to the stay, Longway conceded that the claims in this action were "similar" to those in the Colorado case. (Docket No. 38 at 1.) Longway

---

[1] The Colorado and Tennessee Consumer Protection Acts contain nearly identical definitions of deceptive trade practices. *See* Tenn. Code Ann. § 47-18-104; Colo. Rev. Stat. § 6-1-105.

3

further recognized that the outcome of the Colorado case could render this action "unnecessary."[2] (*Id*.)

While this action was stayed, the Colorado lawsuit between Sanborn and Longway proceeded to trial. On April 8, 2011, the Colorado court entered an order and judgment in favor of Sanborn and against Longway as to Sanborn's request for declaratory judgment and each of Longway's counterclaims. Longway appealed parts of that ruling, but the Colorado Court of Appeals affirmed the judgment of the lower court. (Docket No. 57-1.)

Soon thereafter, the court lifted the stay of the instant action. (Docket No. 70.) On May 24, 2013, Sanborn filed a Motion to Dismiss based on the principles of res judicata and collateral estoppel. (Docket No. 80.) The court granted the motion. (Docket No. 100-101.) In doing so, the court found that "there is no question that the claims by Longway in the case at bar either were presented to the Colorado court or could have been presented to the Colorado court in the prior Colorado action." (Docket No. 100 at 6.) The court held that Sanborn had "satisfied the four requirements . . . for asserting a defense of res judicata under Colorado law." (*Id*.) Accordingly, the court terminated Sanborn as a party to this litigation, and App Geo became the only remaining defendant. (Docket No. 101.)

## II.    The Pending Motion

App Geo subsequently filed its Motion to Dismiss. (Docket No. 103.) App Geo argued, *inter alia*, that res judicata bars Longway's claims against App Geo in this action, as it had barred Longway's claims against Sanborn. App Geo contended that the requirements for res judicata

---

[2] The court subsequently dismissed SMB from this action for lack of personal jurisdiction. (Docket No. 45.) Thereafter, the court permitted Longway's counsel to withdraw (Docket Nos. 50-51), and Longway elected to proceed *pro se*.

claim preclusion had been met: (1) Longway's claims could have been brought in the Colorado action; (2) the Colorado judgment was final; (3) both lawsuits involve the same subject matter; (4) both lawsuits involve the same claims for relief; and (5) the same parties or privies were involved in both actions. (Docket No. 104 at pp. 6-16.) As to the last of these contentions, App Geo maintained that it was in privity with Sanborn because they shared a "partnership" working relationship on various bids and shared an identity of interests *vis a vis* Longway. (*Id*. at pp. 11-13.) App Geo further argued that Sanborn (1) represented the identical legal rights and positions that App Geo would have taken in the Colorado litigation, and (2) made the same legal arguments to defeat Longway's claims in the Colorado action that App Geo would need to make to defeat Longway's claims in the instant litigation. (*Id*.) App Geo contended that its privity with Sanborn is highlighted by the fact that none of Longway's allegations against App Geo can exist apart from App Geo's relationship with Sanborn. (*Id*.)

In opposition to the motion, Longway argued that principles of res judicata do not protect App Geo, because App Geo was not a party to the Colorado case and did not give any deposition or trial testimony there. (Docket No 112 at p. 5.) Longway conceded that the previous Colorado case and the instant case are final with regard to Sanborn but argued that he is "not reintroducing settled issues with Sanborn because App Geo was not a party to those issues." (*Id*. at p. 6.) Longway conceded that this suit involves the same core of operative facts related to the interactions between Sanborn and himself over the broadband mapping bids but contended that that was "only part of the issues raised by [Longway] . . . as it doesn't address App Geo using Longway's protected and confidential information and unjustly enriching themselves." (*Id*.) Longway maintained that this was illustrated by the fact that his claims against Sanborn in Colorado had not mentioned "the use and distribution of Longway's work, company secrets, and

5

trade secrets that were used in the administration of the actual doing [sic] the work in the states App Geo was the Contractor."[3] (*Id*.)

### III.   **The Report and Recommendation**

The Magistrate Judge began his analysis by noting that Sanborn had previously satisfied the four requirements of Colorado law for a res judicata claim preclusion defense – namely, that the Colorado judgment was final, that both the Colorado and Tennessee actions involve the same subject matter, that both suits involve the same claims for relief, and that both suits involve the same parties or parties in privity. (Docket No. 121 at pp. 7-8.) As to the final element, in the case of Sanborn, both lawsuits involved exactly the same parties.

The Magistrate Judge then examined whether App Geo had satisfied those same four requirements. As to the first three requirements, the Magistrate Judge concluded that (1) "there is no question that the Colorado Court of Appeals' order is a final decision on the merits"; (2) "[t]here is also no question that both suits involve the same underlying subject matter (*i.e*., the relationship/interactions between Plaintiff, Sanborn, and by extension, App Geo, in their attempts to secure government contracts requiring broadband mapping services)"; and (3) "there is no question that Plaintiff now attempts to relitigate claims set forth in the Colorado action or claims that arose from 'all or any part of the transaction or series of connected transactions, out of which the [initial] action arose,' that could have been brought in the Colorado action." (*Id*. at p. 8.)

As to the fourth element, the Magistrate Judge found that, "[b]ecause Sanborn and App Geo worked together on several bids for various government broadband mapping contracts, they

---

[3] In its Reply, App Geo stressed that Longway (1) had admitted that both the Colorado and Tennessee cases involved 'broadband mapping services' and were similar, (2) could have asserted identical claims against App Geo in the Colorado case, and (3) had admitted that App Geo "had an interest" in the Colorado action. (Docket No. 113 at pp. 2-3.)

6

share an identity of interests and a working relationship." (*Id*. at p. 9.) The Magistrate Judge further explained that, "because of that identity of interests and working relationship and the nature of Plaintiff's claims, Sanborn represented the same legal rights and positions that App Geo would have taken against those claims, and the interests of App Geo were presented and protected by Sanborn in the Colorado action." (*Id*.) For these reasons, the Magistrate Judge concluded that App Geo has established that it is in privity with Sanborn and is, therefore, entitled to the defense of res judicata.

Accordingly, the Magistrate Judge recommended that the court grant the Motion to Dismiss.

## IV.     The Objections and Analysis

The brief Objection is not a model of clarity. The court liberally construes it to object to the Magistrate Judge's conclusion concerning the fourth element of the res judicata defense – namely, that App Geo is in privity with Sanborn. (Docket No. 122 at pp. 1-2.) More specifically, Longway appears to contend that, even if App Geo is in privity with Sanborn for purposes of Longway's breach of contract claims, App Geo is not necessarily in privity with Sanborn for Longway's unjust enrichment claims, because the precise benefit conferred to App Geo may be different from the precise benefit conferred upon Sanborn. (*Id*. at p. 2.) This argument fails.

"Privity between a party and a non-party requires both a substantial identity of interests and a working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation." *Cruz v. Benine*, 984 P.2d 1173, 1176 (Colo. 1999) (internal quotation marks and citation omitted). In the Objection, Longway misapprehends this

7

inquiry and puts the cart before the proverbial horse. The privity inquiry concerns the relationship of the parties, not the extent or value of claims against them. In other words, a plaintiff could be entitled to different recoveries on similar claims against other parties who are in privity with each other. Here, the question of whether App Geo or Sanborn was unjustly enriched more or less than the other is irrelevant to whether Sanborn and App Geo were in privity to each other.

Put simply, the question of whether two parties are in privity turns on the relationship of purportedly intertwined parties with each other. *Id.* at 1777. Thus, the important relationship for determining privity in this instance is the relationship of App Geo to Sanborn, not the relationship of Sanborn or App Geo to Longway. *See Public Serv. Co. v. Osmose Wood Preserving, Inc.*, 813 P.2d 785, 788 (Colo. App. 1991) ("A finding of privity is simply a conclusion that something in the relationship of party and non-party justifies holding the latter to the result reached in litigation in which only the former is named."). It is clear that App Geo and Sanborn participated in bids together. App Geo and Sanborn shared an identity of interests and a working relationship related to those joint efforts. App Geo was only involved with Sanborn and had no independent dealings with Longway outside of its work with Sanborn. Without App Geo's relationship with Sanborn, App Geo would not (and could not) even be a party to this litigation; indeed, App Geo's work with Sanborn is a necessary predicate of Longway's claims against App Geo.[4] In short, Longway has not offered any basis for discounting or ignoring the direct relationship between App Geo and Sanborn concerning the subject matter of both lawsuits.

---

[4] This is directly reflected in the Complaint, which alleged that the defendants had signed agreements *with Sanborn*, and then *Sanborn* had broken its agreements with Longway. (Docket No. 1-1 at p. 2.)

Furthermore, Sanborn represented the same interests and rights *vis a vis* Longway in the Colorado litigation as App Geo would have, if it had been a party to that lawsuit.[5] Specifically, Sanborn argued, *inter alia*, that it did not breach a contract; that Longway's information was not confidential, was not a trade secret, and could not be the basis of a misappropriation claim; and that Longway had not bestowed a benefit on Sanborn so as to result in unjust enrichment. App Geo would have made the same arguments in the Colorado action, and it would make the same arguments in this action. Longway has not suggested any interests, rights, or legal positions which App Geo has here that would differ from those that Sanborn represented in the Colorado action based on the same underlying set of circumstances.[6]

Accordingly, upon independent review, the court finds App Geo to be in privity with Sanborn for purposes of a res judicata claim preclusion defense. Having fulfilled all of the requirements for that defense, App Geo is entitled to the dismissal of this action.

## V. Conclusion

For these reasons, the court finds as follows:

---

[5] Longway appears to suggest in passing that the Complaint in this court does not reflect an identity of interests between App Geo and Sanborn, because it brings broad allegations against the "Defendants" instead of more specific allegations against Sanborn and App Geo, such as those brought against Sanborn in the Colorado action. (Docket No. 122 at p. 2-3.) The question of privity is not, however, answered by how an opposing party chooses to draft his complaint. Rather, this court looks to the actual relationships of the parties. Beyond this, Longway's contention actually illustrates the opposite point – *i.e.*, that Longway did not find it necessary (or possible) to carefully distinguish between Sanborn and App Geo.

[6] Longway mentions a concern about the Magistrate Judge's reference in the R&R to a passage in the Amended Complaint, however he cites no authority that precludes the Magistrate Judge from doing so. (Docket No. 122 at p. 2.) As App Geo correctly indicates in the Response, Longway has cited the Amended Complaint in favor of his own positions in this action. Regardless, the single phrase that concerns Longway was but one of multiple bases for the Magistrate Judge's conclusions. The court finds its use immaterial to the outcome of the pending motion, the R&R and the Objection.

1. Plaintiff Joseph C. Longway's Objection (Docket No. 122) is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Docket No. 121) is **ACCEPTED AND ADOPTED.**

3. Defendant Applied Geographics Inc.'s Motion to Dismiss (Docket No. 103) is **GRANTED**.

4. This matter is **DISMISSED WITH PREJUDICE**. This Order shall constitute the final judgment in this case. The Clerk of Court shall close the case for all purposes.

It is so **ORDERED**.

Enter this 14th day of January 2015.

_____
ALETA A. TRAUGER
United States District Judge